**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| **ISMAEL GENAO,** | ) | |
| | ) | |
| **Petitioner,** | ) | **08 Civ. 9313 (___)(LMS)** |
| | ) | |
| *- against -* | ) | |
| | ) | **REPORT AND** |
| **UNITED STATES OF AMERICA** | ) | **RECOMMENDATION** |
| | ) | |
| **Respondent**. | ) | |

_____

**TO:    THE ASSIGNED UNITED STATES DISTRICT JUDGE**

Petitioner Ismael Genao ("Petitioner"), proceeding *pro se*, petitions this Court to vacate, set aside, or correct his sentence as a person in federal custody pursuant to 28 U.S.C. § 2255. Petitioner was charged under Indictment 03 Crim 574 with one felony count of "advertising in a chat room the existence of a file server, operated by Petitioner, that made available and received visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2251(c)[1] ("2251(c)")," and one count of "transporting in interstate and foreign commerce images of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252A(a)(1) ("2252A(a)(1)")."  Government's Memorandum of Law in Opposition ("Mem. in Opp.") at 1-2. After a jury trial, wherein Petitioner represented himself, Petitioner was convicted on both counts and was sentenced to a term of 160 months in prison, three years of post-release supervision, and a mandatory special assessment of $200.  Pet. at 1; Mem. in Opp. at 2.

---

[1]The relevant subsection has been renumbered and is now 18 U.S.C. § 2251(d).

Petitioner is currently incarcerated at the United States Penitentiary in Tucson, Arizona.[2]

In his § 2255 Petition, Petitioner seeks relief on five grounds:[3] (1) that Petitioner is actually innocent of violating 18 U.S.C. § 2252A(a)(1) because it was the federal agent and not Petitioner who transported the pornography across state lines; (2) that the Court of Appeals of the Second Circuit ("Second Circuit") denied Petitioner his right to appeal by issuing a summary unpublished opinion; (3) that the Second Circuit denied Petitioner his right to Equal Protection by issuing a summary unpublished opinion because he was proceeding *pro se*; (4) that Petitioner was denied access to the court because the Second Circuit issued a summary unpublished opinion; and (5) that a miscarriage of justice occurred because Petitioner was convicted of an act that the statute does not make illegal.  See generally Pet. at 4-6; Memorandum in Support of Petition ("Mem. in Supp.") at 3-14.  Respondent contends that Petitioner's claims have either been procedurally defaulted or are without merit.  See generally Mem. in Opp.16-23.  For the reasons set forth below, I conclude, and I respectfully recommend that Your Honor should conclude, that the Petition should be dismissed.

I.      **BACKGROUND**

        A.      **The Crime**

---

[2]It should be noted that the most recent correspondence sent to Petitioner from the Court at this address was returned marked "Not at this Institution." However, as Petitioner has not, as yet, submitted a change of address form to this Court, and since the Federal Bureau of Prisons Prisoner Look-up site on the internet still lists Petitioner as incarcerated at this facility, this address will be used.

[3]Petitioner's Memorandum of Law has seven points, numbered I-VII.  The first point merely lays out the proper jurisdiction for this Court to consider the Petition and the last point is a claim of prosecutorial misconduct that Petitioner has withdrawn.  See Mem. in Supp. at 15. Therefore, the claims addressed in this Report and Recommendation are numbered II-VI, respectively, in Petitioner's Memorandum of Law.

2

The history of Petitioner's underlying criminal case is set forth at length in Respondent's Memorandum of Law in Opposition.  Mem. in Opp. at 1-16.

On March 6, 2003, Robin Andrews ("Agent Andrews"), a special agent with the Federal Bureau of Investigation ("FBI"), entered an internet chat room from her office in Tucson, Arizona.  Tr. at 85-88.[4]  The chat room was called "100%PreTeenGirlSexPics" and was understood by Agent Andrews to be devoted to child pornography.  Tr. at 92-93.  In the chat room, Agent Andrews observed advertisements offering files that one could download.  Tr. at 93-96, 99-100.  In order to download a file from a particular server, one would first be required to upload a file of equal size to that same server.  Tr. at 94, 95.  Some advertisements were posted by an individual identified as "server1" and other advertisements were posted by an individual identified as "server2."  Tr. at 93, 99.  Agent Andrews uploaded files containing non-pornographic pictures to both servers and then was able to successfully download files from "server1" and "server2" that contained pictures and videos of children engaged in sexually explicit activities.  Tr. at 111-13, 135-36.

Agent Andrews was able to identify the internet protocol ("IP") addresses of both "server1" and "server2" and determined that these addresses belonged to Lockdown Corporation. Tr. at 102-03, 129, 161.  Lockdown Corporation is a company that provides subscribers with proxy servers bearing IP addresses associated with Lockdown Corporation, thereby allowing subscribers to hide their actual IP addresses from other internet users.  Tr. at 273-74.  Petitioner was the only Lockdown Corporation subscriber on March 6, 2003, who was using the IP addresses that were associated with "server1" and "server2."  Tr. at 292.

---

[4]Hereinafter, "Tr." refers to the trial transcripts.

On April 14, 2003, the FBI, pursuant to a valid search warrant, entered Petitioner's apartment in Yonkers, New York, and seized Petitioner's computer along with multiple computer hard drives.  Tr. at 444-58.  Upon examining the hard drives and the computer, a forensic examiner employed by the FBI found, among other things; encrypted files, evidence that files containing images had been deleted from the computer, references to "server1" and "server2," and the titles of the files that Agent Andrews had uploaded to "server1" and "server2."  Tr. at 494, 497-98, 509-12.

In his defense, Petitioner claimed that he was never associated with the names "server1" or "server2," and that he did not post any advertisements in the "100%PreTeenGirlSexPics" chat room.  Tr. at 865.  Additionally, Petitioner testified that he downloaded the encrypted files in order to see if he could figure out how to decrypt them.  Tr. at 966.

### B.      Procedural History

On May 12, 2003, a two count indictment was issued: Count One charged Petitioner with "advertising in a chat room the existence of a file server, operated by Petitioner, that made available and received visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2251(c)," and Count Two charged Petitioner with "transporting, in interstate and foreign commerce, images of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252A(a)(1)."  Mem. in Opp. at 1-2.  On June 21, 2004, a jury trial commenced wherein Petitioner represented himself and testified in his own defense.  See generally Tr. at 1-934.  On July 1, 2004, after less than one full day of deliberations, the jury returned a guilty verdict on both counts listed in the indictment.  Tr. at 1200-02.  Judge Stephen C. Robinson sentenced Petitioner to 160 months in prison, to be followed by a three-year term of supervised release, and a mandatory special assessment of $200.  See Judgment of Conviction,

4

Docket #71 in criminal case 03 CR 574.

On January 18, 2006, Petitioner, proceeding *pro se*, filed a direct appeal to the Second

Circuit Court of Appeals raising a multitude of claims including: "the Government and

[Petitioner] introduced overwhelming evidence and testimony that proved beyond a reasonable

doubt that SA Andrews transported [child pornography] across state lines;" and "there is

ambiguity in the meaning of 18 U.S.C. 2251(c)(1)(A)" such that Petitioner did not commit the

crime that the statute was intended to address.  Appellate Brief ("App. Brief") at 50-52, 33-38.

On March 16, 2007, the Second Circuit affirmed Petitioner's conviction in an unpublished

opinion.  Resp't Ex. A (Summary Order); United States v. Genao, No. 06 0573-cr, 2007 WL

786340 (March 16, 2007).[5]  Thereafter, Petitioner sought a writ of certiorari from the Supreme

Court of the United States, which was denied.  Genao v. United States, 552 U.S. 875 (2007).  On

October 1, 2008, Petitioner timely filed the instant Petition under 28 U.S.C. § 2255.  Pet. at 8.

## II.    DISCUSSION

### A.    Standard of Review

"It is well established that § 2255 is not intended to provide a remedy for 'all claimed

errors in conviction and sentencing.' " Morales v. United States, 143 F.3d 94, 96 (2d Cir.

1998)(quoting United States v. Addonizio, 442 U.S. 178, 185 (1979)).  Rather, the instances for

which one may use § 2255 are circumscribed and specifically set forth in case law by the Second

Circuit.  According to the Second Circuit, "collateral attack on a final judgment in a criminal

case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in

the sentencing court, or an error of law or fact that constitutes a fundamental defect which

---

[5]In the spirit of Local Civil Rule 7.1(c), copies of the opinions with WestLaw cites are
attached to the copy of this Report and Recommendation which is sent to Petitioner.

inherently results in complete miscarriage of justice." <u>Graziano v. United States</u>, 83 F.3d 587, 589-90 (2d Cir. 1996)(internal quotation marks and citation omitted).  Pursuant to 28 U.S.C. § 2255, a federal prisoner in custody under a sentence of a federal court, may seek to have his or her sentence vacated, set aside, or corrected on the following grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) "the sentence is otherwise subject to collateral attack."  28 U.S.C. § 2255.  A § 2255 petitioner bears the burden of proving his or her entitlement to relief under the statute by a preponderance of the evidence.  <u>Triana v. United States</u>, 205 F.3d 36, 40 (2d Cir. 2000)(citing <u>Harned v. Henderson</u>, 588 F.2d 12, 22 (2d Cir. 1978)).

Furthermore, a § 2255 Petition cannot be used to "relitigate questions which were raised and considered on direct appeal." <u>Cabrera v. United States</u>, 972 F.2d 23, 25 (2d Cir. 1992).  A petitioner will thus be procedurally barred from proceeding with a claim under § 2255 that was already dealt with on direct appeal.

### B.     Petitioner's Claims

#### 1.     *Petitioner's first claim regarding actual innocence is procedurally barred.*

Petitioner argues in his first claim that he is actually innocent of violating 18 U.S.C. § 2252A(a)(1) because he was not the individual who transported child pornography across state lines.  According to Petitioner, he should not have been convicted of this crime because it was actually Agent Andrews that transported the images of child pornography across state lines when she downloaded the photos to her computer.  Pet. at 4; Mem. in Supp. at 3-5.  Respondent counters that Petitioner raised this claim on direct appeal and cannot raise it again in a § 2255

Petition.  Mem. in Opp. at 16-21.

"It is well established that a § 2255 petition cannot be used to 'relitigate questions which were raised and considered on direct appeal.'" United States v. Sanin, 252 F.3d 79, 83 (2d Cir. 2001)(citing Cabrera, 972 F.2d at 25).  See also Riascos-Prado v. United States, 66 F.3d 30, 33 (2d Cir. 1995); Barton v. United States, 791 F.2d 265, 267 (2d Cir. 1986)(listing numerous Second Circuit cases with this holding).  The only exception to the rule against relitigating issues is if there "has been an intervening change in the law and the new law would have exonerated a defendant had it been in force before the conviction was affirmed on direct appeal." Chin v. United States, 622 F.2d 1090, 1092 (2d Cir. 1980), cert. denied, 450 U.S. 923 (1981).

In his direct appeal, Petitioner argued that he is "entitled to an acquital (sic) on count 2 as a matter of law...because the Government and [Petitioner] introduced overwhelming evidence and testimony that proved beyond a reasonable doubt that SA Andrews transported [child pornography] across state lines" and not Petitioner.  App. Brief at 50.  It was Petitioner's contention that since Agent Andrews was the person who downloaded the images, she was the "transporter" and not him.  Id.  The Second Circuit, in its summary order, rejected this claim, holding that there was "more than sufficient evidence to support the jury's verdict that [Petitioner] knowingly transported child pornography in interstate commerce."  Resp't Ex. A (Summary Order).  Since a § 2255 petition cannot be used to "relitigate questions which were raised and considered on direct appeal," and because there has been no intervening change in the law that would warrant review of this claim, Petitioner's first claim is procedurally barred and must be dismissed.  Cabrera, 972 F.2d at 25.

  **2.** ***Petitioner's second, third, and fourth claims regarding the Second Circuit issuing a summary unpublished opinion are without merit.***

In his second, third, and fourth claims, Petitioner argues that he was denied his right to appeal, right to Equal Protection, and right of access to the courts, respectively, because the Second Circuit issued a summary unpublished opinion.  Pet. at 4-6; Mem. in Supp. at 5-14. Respondent contends that these claims are frivolous.  Mem. in Opp. at 21-23.

"There is no requirement in law that a federal appellate court's decision be accompanied by a written opinion."  Furman v. United States, 720 F.2d 263, 264 (2d Cir. 1983).  The Supreme Court has been charged with creating rules of practice and procedure in criminal cases for the Federal Courts of Appeals and, pursuant to that authority, Rule 36 of the Rules of Federal Appellate Procedure was adopted.  Rule 36 provides that "[i]f a judgment is rendered without an opinion, the clerk shall prepare, sign and enter the judgment following instruction from the court."  Additionally, the Supreme Court has also held "that the courts of appeals should have wide latitude in their decisions of whether or how to write opinions.  That is especially true with respect to summary affirmances."  Taylor v. McKeithen, 407 U.S. 191, 194 n.4 (1972).  See also Jones v. United States, No. 88 CV 399 (MJL), 1990 WL 6566 (S.D.N.Y. Jan. 24, 1990)("[W]e may presume that [the appellate court] considered those claims so lacking in merit as to be unworthy of discussion."  Id. at *3).  Petitioner claims that by issuing a summary order, the appellate court did not review the claim *de novo*, did not adhere to existing precedent, and did not decide a matter of first impression.  Mem. in Supp. at 7-12.  "The fact that a disposition is by informal summary order rather than by formal published opinion in no way indicates that less than adequate consideration has been given to the claims raised in the appeal."  Furman, 720 F.2d at 265.  Furthermore, a summary order is appropriate when the panel of judges deciding the case determines that "no jurisprudential purpose would be served by a written opinion."  Id. Here, the Second Circuit reviewed each of Petitioner's claims and apparently found that no

8

jurisprudential purpose would be furthered by an exhaustive written opinion.  The decision to render a decision without an extensive written analysis in no way violates Petitioner's constitutional rights and, thus, Petitioner's second, third, and fourth claims must be dismissed.

>    **3.**    ***Petitioner's fifth claim alleging a miscarriage of justice is procedurally barred.***

In his final claim, Petitioner argues that 18 U.S.C. § 2251(c)(1)(A) was improperly applied to him because it requires that the person convicted of advertising child pornography also be engaged in the processing of child pornography.  Mem. in Supp. at 14.  Respondent contends that Petitioner has already raised this issue in his direct appeal and is, therefore, procedurally barred from bringing such a claim again in a § 2255 Petition.

As discussed in subsection 1, *supra*, "[i]t is well established that a § 2255 petition cannot be used to 'relitigate questions which were raised and considered on direct appeal.'" United States v. Sanin, 252 F.3d 79, 83 (2d Cir. 2001)(citing Cabrera, 972 F.2d at 25).  See also Riascos-Prado v. United States, 66 F.3d 30, 33 (2d Cir. 1995); Barton v. United States, 791 F.2d 265, 267 (2d Cir. 1986)(listing numerous Second Circuit cases with this holding).  The only exception to the rule against relitigating issues is if there "has been an intervening change in the law and the new law would have exonerated a defendant had it been in force before the conviction was affirmed on direct appeal." Chin v. United States, 622 F.2d 1090, 1092 (2d Cir. 1980), cert. denied, 450 U.S. 923 (1981).

In Point I of his appellate brief, Petitioner argued that he and "the Government are in dispute of what (sic) 18 U.S.C. 2251(c)(1)(A) makes illegal."  App. Brief at 33.  In his argument, Petitioner maintains that one cannot be convicted of advertising child pornography under § 2251(c)(1)(A) unless one is also engaged in the processing of child pornography.  Id. at 33-39.

The relevant section of the law states:

> Any person who, in a circumstance described in paragraph (2), knowingly makes, prints, or publishes, or causes to be made printed, or published, any notice or advertisement seeking or offering to receive, exchange, buy, produce, display, distribute, or reproduce, any visual depiction, if the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct...shall be fined under this title and imprisoned not less than 15 years...

18 U.S.C. 2251(c)(1)(A), 18 U.S.C. 2251(e).  Nowhere in the statute does it require that the advertiser also be the one who processes the child pornography.

In addressing this claim, as well as several other claims made by Petitioner, the Second Circuit held that there was "no merit to any of these challenges" and "reject[ed] each of them." Resp't Ex. A (Summary Order).  Since Petitioner has already raised this issue on appeal, and there has been no intervening change in the law that would require review of this matter, Petitioner cannot again raise such a claim in a § 2255 Petition.  Thus, Petitioner's final claim is procedurally defaulted and must be dismissed.

## **CONCLUSION**

For the reasons stated above, I conclude, and respectfully recommend that Your Honor should conclude, that the Petition should be dismissed in its entirety.  Petitioner has failed to make a "substantial showing of the denial of a Constitutional right," therefore I conclude, and respectfully recommend that Your Honor should conclude, that a certificate of appealability should not issue.  28 U.S.C. § 2253(c)(2).  See United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997).  I further conclude, and respectfully recommend that Your Honor should conclude, that the Court should certify pursuant to 28 U.S.C. §1915(a) that an appeal from this order would not be taken in good faith.  See Coppedge v. United States, 369 U.S. 438 (1962).

10

**<u>NOTICE</u>**

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) days, <u>see</u> Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation.  Such objections, if any, shall be filed with the Clerk of the Court at the United States District Court, Southern District of New York, United States Courthouse, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at the same courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections may be made to the undersigned.

Dated: September 16, 2010
        White Plains, NY

Respectfully submitted,

LISA MARGARET SMITH
United States Magistrate Judge
Southern District of New York

A copy of the foregoing Report and Recommendation has been sent to the following:

The Clerk of the Court

Ismael Genao, #83789-054
USP Tucson
PO Box 24550
Tucson, AZ 85734

John Patrick Collins, Jr., AUSA
U.S. Attorney's Office, SDNY
300 Quarropas Street
White Plains, New York 10601