UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISMAEL GENAO,

                        Petitioner,

v.

UNITED STATES.

                        Respondent.



08 Civ. 9313 (RO)

## ORDER

OWEN, District Judge:

*Pro se* Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, seeking to have his sentence vacated, corrected, or set aside. Petitioner was convicted after jury trial of one count of "advertising in a chat room the existence of a file server, operated by Petitioner, that made available and received visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2251(c) (now renumbered as 18 U.S.C. § 2251(d))," and one count of "transporting in interstate and foreign commerce images of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252A(a)(1).[1]"

## BACKGROUND

Petitioner seeks relief on the following grounds: that he is actually innocent of violating 18 U.S.C. § 2252A(a)(1); that the Court of Appeals of the Second Circuit denied Petitioner's right to appeal, right to Equal Protection, and access to the court by issuing a summary opinion;

---

[1] The facts and procedural history behind Petitioner's underlying criminal case is explained more fully in Magistrate Judge Smith's Report and Recommendation issued September 16, 2010, and will not be repeated here.

and that a miscarriage of justice occurred because Petitioner was convicted of an act that is not made illegal by the statute.

Magistrate Judge Smith issued a Report and Recommendation (the "Report") on September 16, 2010, recommending that the Petition be dismissed in its entirety. (Docket Entry No. 11.) On September 20, 2010, this case was transferred from Judge Robinson to this Court. Petitioner submitted objections to the Report and Recommendation on October 3, 2010, requesting that this Court grant his habeas petition on the merits. (Docket Entry No. 13.) Petitioner further requests that, in the event his habeas petition is denied, the Court find that Petitioner has made a substantial showing of the denial of his "Fifth Amendment Right to Due Process" and thereby issue a certificate of appealability (Objection at 2.).

## STANDARD OF REVIEW

United States Magistrate Judges hear dispositive motions and make proposed findings of fact and recommendations, generally in the form of a Report and Recommendation. District courts review those orders under a clearly erroneous or contrary to law standard of review. 28 U.S.C. § 636(b)(1)(A).

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where no timely objection has been made by either party, a district court need only find that "there is no clear error on the face of the record" in order to accept the Report and Recommendation. *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted).

A party may file "specific written objections," Fed R. Civ. P. 72(b), to a Magistrate Judge's proposed findings and recommendations, and in that case, the district court has an obligation to make a *de novo* determination as to those portions of the Report and Recommendation to which objections were made. 28 U.S.C. § 636(b)(1). A district court judge, in making a *de novo* determination, is afforded discretion in the weight placed on proposed findings and recommendations. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980). In its sound discretion, a district court may afford a degree of deference to the Report and Recommendation. Objections to a Report and Recommendation are to be "specific and are to address only those portions of the proposed findings to which the party objects." *Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992). In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court reviews the Report and Recommendation for clear error.

This standard of review must be applied while remaining cognizant of the court's obligation to construe a pro se litigant's submissions liberally in the light that they raise the strongest possible arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006)(citations omitted).

## DISCUSSION

The Report and Recommendation issued by Judge Smith, recommending denial of the petition for a writ of habeas corpus, is thorough and well-reasoned, and supported by law. Petitioner's objections to the Report are conclusory and vague, generally restating various arguments from the petition, and fail to address the Report with any specificity. Petitioner is

unable to provide any reason, supported by law, why his petition for a writ of habeas corpus should be granted.

## CONCLUSION

The Court therefore concurs with the Report and Recommendation of Judge Smith, and hereby adopts it, in its entirety, as the Order of this Court. Accordingly, the petition is hereby DISMISSED.

Additionally, as Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). This Court further finds that an appeal from this Order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

March ___, 2011

                                                    RICHARD OWEN
                                                    UNITED STATES DISTRICT JUDGE